UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ABRAHAM LIEBERMAN,

Plaintiff,

-against-

CAPITAL ONE FINANCIAL CORPORATION, and
CAPITAL ONE BANK (USA), N.A.,

Defendant.

------------------------------------------------------------------------x

26 Civ.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, by his attorneys, Jaroslawicz & Jaros PLLC, complaining of the defendants alleges as follows:

**THE PARTIES**

1. Plaintiff Abraham Lieberman is a natural person residing at 801 Avenue M, Brooklyn, New York 11230, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

2. At all times hereinafter mentioned, defendant Capital One Financial Association is a Delaware corporation, duly organized and existing under and by virtue of the laws of the State of Delaware.

3. At all times hereinafter mentioned, defendant Capital One Financial Corporation's headquarters are located at 1680 Capital One Drive, McLean, Virginia 22102.

4. Upon information and belief, Defendant Capital One Bank (USA), N.A. is a national banking association that regularly conducts business in the State of New York,

including in this District, and is a "person" and "furnisher of information" to consumer reporting agencies within the meaning of the FCRA, including 15 U.S.C. § 1681s-2.

5. At all times hereinafter mentioned, defendant Capital One Bank (USA), N.A.'s headquarters are located at 1680 Capital One Drive, McLean, Virginia 22102.

6. At all times hereinafter mentioned, defendant Capital One Financial Corporation is the parent company of Capital One Bank (USA), N.A.

## JURISDICTION AND VENUE

7. That the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, in that this action arises under the laws of the United States, namely the FCRA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in this District, regularly conduct business in this District, have offices in this District, and therefore "reside" in this District for venue purposes, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PRELIMINARY STATEMENT

10. This is an action for damages arising from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), including 15 U.S.C. § 1681s-2(b), which imposes duties on furnishers of information to consumer reporting agencies upon

receiving notice that a consumer disputes the accuracy of information the furnisher has reported.

11. Plaintiff is a 91-year-old victim of a sophisticated identity theft scheme in which thus far unknown perpetrators gained unauthorized access to multiple financial accounts belonging to Plaintiff, including accounts at JPMorgan Chase Bank, Webster Bank, and Capital One. Two of the three institutions involved — JPMorgan Chase and Webster Bank — investigated the fraudulent activity and, consistent with the overwhelming evidence of fraud, absolved Plaintiff of all liability and restored the stolen funds.

12. Capital One alone has refused to do so. Despite being provided with substantial documentary evidence establishing that the disputed charges were the product of identity theft — including evidence corroborated by the findings of two other major financial institutions arising from the very same criminal scheme — Capital One failed to conduct any reasonable investigation, continues to report false and derogatory information about Plaintiff to the nationwide consumer reporting agencies, and continues to attempt to collect a debt from the plaintiff that is not his.

**THE UNDERLYING FACTS**

13. Plaintiff was born in 1935, and is presently 91 years of age.

14. Prior to the events described herein, Plaintiff had a longstanding and impeccable credit history.

15. From on or about November 10, 2025 through December 10, 2025, Plaintiff was physically present in Israel and away from the United States.

16. Beginning on or about November 2025 and continuing through in or about January 2026, a presently unknown thief or thieves gained unauthorized access to multiple financial accounts held by Plaintiff, including: (a) Plaintiff's Chase Sapphire credit card; (b) Plaintiff's JPMorgan Chase bank account; (c) Plaintiff's Webster Bank account; and (d) Plaintiff's Capital One credit card account.

17. The identity thief (or thieves) stole approximately $58,000 from Plaintiff's JPMorgan Chase bank account and incurred approximately $6,000 in unauthorized charges on Plaintiff's Chase Sapphire credit card.

18. JPMorgan Chase investigated the unauthorized activity, determined that all of the relevant transactions were fraudulent, reimbursed Plaintiff the full amount stolen from his bank account, and absolved Plaintiff of any liability for the unauthorized credit card charges.

19. In or about January 2026, Plaintiff filed a police report with the New York City Police Department. The matter was assigned to the NYPD's Grand Larceny Unit and remains an open and active investigation under case number 2026-066-000306.

20. At the time Plaintiff filed the police report, he was not yet aware that his Webster Bank account and Capital One credit card had also been compromised. Upon discovering this additional fraudulent activity, Plaintiff promptly notified the assigned detective, Detective Thomas, by email, and provided additional information and supporting evidence.

21. Upon information and belief, the compromise of Plaintiff's Webster Bank account and Capital One credit card occurred in or about December 2025 through January 2026.

22. During a brief period, the identity thief used Plaintiff's compromised Capital One credit card to purchase approximately twenty (20) Western Union money orders, which by itself is a red flag, and thereafter used Plaintiff's Webster Bank account, without authorization, to make ACH payments to Capital One purportedly to pay down the resulting Capital One balance.

23. As a result of this scheme, Plaintiff's Webster Bank account was depleted by approximately $38,500, and Plaintiff's Capital One credit card account reflects fraudulent charges of approximately $57,000, which defendant claims continue to accrue interest and late fees.

24. Webster Bank investigated the unauthorized ACH payments made to Capital One, determined that they were fraudulent, and restored the full amount to Plaintiff's account.

25. Notwithstanding the foregoing, Capital One has taken the position that Plaintiff is personally liable for the fraudulent charges on his Capital One account. Capital One has: (a) furnished false and derogatory information concerning the Capital One account to the nationwide consumer reporting agencies, Equifax, Experian, and TransUnion; (b) continued to send Plaintiff delinquency notices demanding payment; and

(c) failed to provide any coherent, evidentiary basis for its determination that Plaintiff is liable.

26. By letters dated March 26, 2026 and May 6, 2026 (Exhibits A and B) sent via FedEx, Plaintiff disputed Capital One's claim of liability in its entirety, provided Capital One with documentary evidence substantiating the fraud, and demanded that Capital One produce the specific documentary and electronic evidence upon which it purportedly relied in concluding that Plaintiff was liable for the disputed charges.

27. Upon information and belief, Plaintiff also disputed the Capital One claim directly with one or more of the nationwide consumer reporting agencies (Exhibit C), which in turn transmitted notice of the dispute to Capital One pursuant to 15 U.S.C. § 1681i(a)(2), thereby triggering Capital One's independent duty to investigate under 15 U.S.C. § 1681s-2(b).

28. Capital One failed to conduct any reasonable investigation into Plaintiff's dispute(s). Rather than review, address, or refute the substantial evidence Plaintiff provided, Capital One responded only with the conclusory and unsupported baseless assertion that Plaintiff "benefitted from the transactions."

29. Upon information and belief, in early June 2026, Capital One sent a pre-qualified credit card solicitation (Exhibit D) addressed to an individual named "Oleksandr Illiashenko" — a person who has never resided at, and has no connection to, Plaintiff's residence — but mailed to Plaintiff's home address at 801 Avenue M, Brooklyn, New York 11230.

30. By email dated June 3, 2026, Plaintiff promptly notified Capital One that no individual named Oleksandr Illiashenko had ever resided at his address, and again demanded that Capital One provide the basis for its erroneous determination that Plaintiff was liable for the fraudulent charges (Exhibit E).

31. Capital One ignored Plaintiff's June 3, 2026 email and, in mid-June 2026, sent a second pre-qualified credit card offer letter (Exhibit F)addressed to "Oleksandr Illiashenko" at Plaintiff's residence — evidence strongly suggesting that Capital One's own records identify a third party, and not Plaintiff, as responsible for the disputed account activity.

32. As a direct and proximate result of Capital One's false and derogatory reporting, Plaintiff's credit profile has been damaged and he has suffered concrete pecuniary harm. For example, on or about April 18, 2026, Citibank/Costco reduced the credit limit on Plaintiff's Citi/Costco credit card from $16,000 to $500 (Exhibit G). Moreover, Plaintiff's credit score was adversely and severely affected by Capital One's false and derogatory reporting.

33. According to Capital One, Plaintiff continues to incur late fees and interest charges on the fraudulent Capital One account balance for which he is not responsible.

34. As a further direct and proximate result of Capital One's conduct, Plaintiff — a 91-year-old man with a previously impeccable financial record — has suffered significant emotional distress, including insomnia and psoriatic outbreaks, for which he has sought medical treatment.

**AS AND FOR A FIRST CLAIM FOR RELIEF**

*(Negligent Noncompliance with 15 U.S.C. § 1681s-2(b))*

35. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

36. Capital One is a "furnisher of information" to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2.

37. Capital One received notice of Plaintiff's dispute(s) regarding the Capital One account, whether directly from Plaintiff and/or through notice of dispute forwarded by one or more nationwide consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(2), thereby triggering Capital One's duties under 15 U.S.C. § 1681s-2(b).

38. Upon receiving such notice, 15 U.S.C. § 1681s-2(b) required Capital One to, among other things: (a) conduct a reasonable investigation with respect to the disputed information; (b) review all relevant information provided by the consumer reporting agencies and/or Plaintiff; (c) report the results of its investigation to the consumer reporting agencies; (d) report to the consumer reporting agencies that the disputed information is inaccurate or incomplete if its investigation so finds; and (e) modify, delete, or permanently block the reporting of the disputed information if it is found to be inaccurate, incomplete, or unverifiable.

39. Capital One negligently failed to comply with its obligations under 15 U.S.C. § 1681s-2(b) by, among other things: (a) failing to conduct a reasonable investigation of Plaintiff's dispute; (b) failing to review and meaningfully consider the substantial evidence provided by Plaintiff, including evidence corroborated by the independent fraud

determinations of JPMorgan Chase and Webster Bank arising from the same criminal scheme; (c) continuing to report false and derogatory information about Plaintiff to the consumer reporting agencies notwithstanding that evidence; and (d) failing to correct, delete, or block the disputed information despite clear indications — including Capital One's own records reflecting a third party's name and identity — that the account activity was fraudulent and not attributable to Plaintiff.

40. As a direct and proximate result of Capital One's negligent violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages, including but not limited to damage to his credit reputation and creditworthiness, reduction of available credit, emotional distress, and other consequential damages, in an amount to be determined at trial.

41. Plaintiff is entitled to recover his actual damages, together with the costs of this action and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1681o.

## AS AND FOR A SECOND CLAIM FOR RELIEF
*(Willful Noncompliance with 15 U.S.C. § 1681s-2(b))*

42. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

43. Capital One's failure to conduct any reasonable investigation, its continued reporting of information it knew or recklessly disregarded as false, and its continued collection efforts notwithstanding Plaintiff's repeated, detailed, and well-documented disputes — and notwithstanding Capital One's own records suggesting the involvement

of an identified third party — constitute willful noncompliance with 15 U.S.C. § 1681s-2(b), or, at a minimum, reckless disregard of Capital One's statutory obligations thereunder.

44. As a direct and proximate result of Capital One's willful violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as set forth above.

45. Plaintiff is entitled to recover actual damages or statutory damages, whichever is greater, punitive damages, and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

**AS AND FOR A THIRD CLAIM FOR RELIEF**

*Intentional Infliction of Emotional Distress*

46. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

47. Plaintiff is a 91 year old male.

48. By failing to investigate and stop the fraud, collection fees and charges against the innocent plaintiff, limiting plaintiff's credit and continuously sending false demands and claim to the elderly Plaintiff, defendants have willfully inflicted emotional distress upon the elderly Plaintiff.

49. As a result of the emotional harm inflicted upon the Plaintiff, Plaintiff was required to seek medical care, and his well-being was otherwise adversely affected.

50. By reason of the foregoing, and due to defendants' outrageous conduct, Plaintiff is entitled to recover actual and punitive damages from the defendant, and from those as yet unnamed individuals at Capital One who have been proceeding in this manner.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Abraham Lieberman respectfully requests that this Court enter judgment in his favor and against the defendants, as follows:

(a) Awarding Plaintiff actual and consequential damages pursuant to 15 U.S.C. §§ 1681o and 1681n;

(b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n, to the extent Capital One's violations are found to be willful;

(c) Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n;

(d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o;

(e) Directing Defendants to correct and/or delete all inaccurate information reported to the consumer reporting agencies concerning Plaintiff;

(f) Awarding pre-judgment and post-judgment interest as permitted by law; and

(g) Granting such other and further relief as this Court may deem just and proper.

JAROSLAWICZ & JAROS P LLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: ______________________
David Jaroslawicz (DJ-6931)